**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

KC Khamba,

Petitioner,

v.

John E Cantu, et al.,

Respondents.

No. CV-26-00315-PHX-DWL (JFM)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.) On January 21, 2026, the Court directed Petitioner's counsel to serve Respondents and clarified that "Respondents must answer the Petition within 20 days of the date of service." (Doc. 5 at 3, emphasis omitted.)

As background, because Respondents in this action are officers and employees of the United States being sued in their official capacities, service of process is governed by Rule 4(i)(2) of the Federal Rules of Civil Procedure, which provides in relevant part that "[t]o serve . . . a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *Id*. As for the requirement of serving the United States, the relevant provision is Rule 4(i)(1), which provides in relevant part that "[t]o serve the United States, a party must . . . send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at

the United States attorney's office; [1] [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* In short, to effect service in this case, Petitioner must do two things: (1) send a copy of the summons and petition, by registered or certified mail, to each Respondent; and (2) send a copy of the summons and petition, by registered or certified mail, to the civil process clerk of the United States Attorney's Office for the District of Arizona ("USAO").[2]

On March 19, 2026, Petitioner filed a purported certificate of service. (Doc. 9.) It indicated that Petitioner had (1) mailed the petition "and all accompanying papers" to each Respondent "by U.S. Mail, postage prepaid"; (2) "served" certain Assistant United States Attorneys ("AUSAs") with an unspecified document or documents by sending them an email; and (3) mailed an unspecified document or documents to the USAO by placing them "in a sealed, postage-prepaid envelope and depositing it in the United States Mail." (*Id.* at 2-3.) Petitioner also enclosed, as attachments, what appear to printouts from the "USPS Tracking Plus" system (*id.* at 4) and a photograph showing that the mailing to the USAO was sent via "Priority Mail Express" (*id.* at 9).

On April 8, 2026, the Court issued an order explaining that the purported certificate of service was invalid because it did not establish that Respondents or the USAO had been served via certified or registered mail, as Rule 4(i) requires. (Doc. 10.) The Court directed Petitioner to either file supplemental documentation establishing proper service or to effect service promptly. (*Id.*)

On April 13, 2026, Petitioner filed another purported proof of service. (Doc. 11.) It indicates that on April 6, 2026—that is, two days before the issuance of the April 8, 2026

---

[1]     Rule 4(i)(1)(A) actually provides the option of either sending a copy of the complaint and summons by registered or certified mail to the civil-process clerk at the United States Attorney's Office or personally serving the United States Attorney (or designee). Because there is no indication in this case that Petitioner has ever attempted (let alone completed) such personal service, the analysis here focuses on the other option.

[2]     Although Rule 4(i)(1)(B) provides that service on the United States also requires service by registered or certified mail to the Attorney General, one of the named Respondents in this case is the Attorney General. Thus, complying with the service requirement set forth in Rule 4(i)(2) (*i.e.*, "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee") will also satisfy Rule 4(i)(1)(B) here.

order identifying the deficiencies in the earlier service efforts—Petitioner mailed "the foregoing document" (which is not identified) to the USAO by placing it "in a sealed, postage-prepaid envelope and depositing it in the United States Mail." (*Id.* at 2.) The proof of service does not, in contrast, provide any information about further attempts to serve Respondents. (*Id.*) Petitioner also enclosed, as an attachment, two documents. The first is what appears to a printout from the "USPS Tracking Plus" system showing that an unspecified item was delivered to an unspecified address in Phoenix on April 6, 2026. (*Id.* at 3.) The second is an email exchange dated April 7, 2026 between Petitioner's counsel and an AUSA. (*Id.* at 4.) The initial email from Petitioner's counsel includes an assertion that "[o]ut of an abundance of caution, we also sent an additional copy via certified mail, which was delivered on April 6, 2026 (please see the attached tracking confirmation)." (*Id.*) The response email from the AUSA states: "Yes, we were served and we will respond according to the court order. Just for future reference, . . . FRCP 4(i) requires you to serve the United States via certified or registered mail or personal service. The court sends us the petitions and orders but that does not constitute service. That is done as a precautionary measure." (*Id.*)

On May 12, 2026, Petitioner filed an application for entry of default. (Doc. 12.) On May 13, 2026, the Clerk's office granted the application and entered the default. (Doc. 13.)

The default must be vacated because Petitioner still has not properly effected service. *See, e.g., Kawall v. New Jersey*, 678 F. App'x 86, 87 (3d Cir. 2017) ("Default may be properly entered only against a party who has been properly served."). In the April 8, 2026 order, the Court explained why Petitioner's initial proof of service was insufficient and identified the two steps Petitioner still needed to complete—specifically, (1) mailing the petition and summons to the USAO by certified or registered mail; and (2) mailing the petition and summons to each Respondent by certified or registered mail. (Doc. 10.) Nevertheless, it does not appear that Petitioner made any further service efforts following the issuance of that order. Instead, two days before the issuance of that order, Petitioner

simply remailed an unspecified document to the USAO.  Petitioner's certificate of service regarding that mailing (Doc. 11) fails to establish that Petitioner effected service on the USAO via certified or registered mail in the manner that Rule 4(i) requires.  *See also Raniere v. Garland*, 644 F. Supp. 3d 554, 559 (D. Ariz. 2022) ("Plaintiff has not shown that he sent the FAC and Summons to each Defendant sued in an official capacity by registered or certified mail as required by Federal Rule of Civil Procedure 4(i)(2).  None of the USPS Tracking printouts that Plaintiff filed in Doc. 23 indicate if the items delivered were sent via certified or registered mail, who they were addressed to, or even the complete addresses of the recipients."); *Soltan v. Federal Deposit Ins. Corp.*, 2009 WL 10699411, *4 (C.D. Cal. 2009) (concluding that "Soltan has not complied with Rule 4(i)" where "the proofs of service on file with the court . . . indicate that Soltan mailed copies of the summons and complaint via priority mail, not certified or registered mail").  Additionally, there is no indication that Petitioner ever made a second attempt to serve each Respondent (let alone serve each Respondent via certified or registered mail, as Rule 4(i) requires).

A potential wrinkle is the April 7, 2026 email from the AUSA, which includes the statement "we were served and we will respond according to the court order."  (Doc. 11 at 4.)  But that email does not change the default analysis.  To the extent that email was intended to function as proof of a waiver of service by Respondents, "Rule 4 waiver of service does not play a role in litigation against the national government," *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996), and Petitioner's submission does not, at any rate, contain all of the information necessary to request a valid waiver under Rule 4(d).

The bottom line is that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.  A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum."  *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (cleaned up).  *See also Sitthidet v. First Horizon Home Loans*, 633 F. App'x 407, 408 (9th Cir. 2016) ("The district court did not abuse its discretion in

- 4 -

denying the Sitthidets' request for entry of default because the Sitthidets failed to file proofs of service with the district court and did not comply with the local rules."). Of course, the USAO appears to be fully aware of this action, and nothing would prevent the USAO from voluntarily appearing in this action on Respondents' behalf and responding to the petition even in the absence of formal service (which was apparently the USAO's plan at one time, per the April 7, 2026 email from the AUSA), but the record in its present state simply does not support the entry of a default.

Accordingly,

**IT IS ORDERED** that:

1.    The default (Doc. 13) is **vacated**.

2.    The deadline for Petitioner to properly effect service is *sua sponte* extended to **May 29, 2026**.

3.    Respondents must respond to the petition within seven (7) days of service. Petitioner may file a reply within seven (7) days of the response

4.    The Clerk of Court must immediately transmit by email a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

Dated this 15th day of May, 2026.

_____
Dominic W. Lanza
United States District Judge

- 5 -